United States District Court
Middle District of Florida
Orlando Division

**JOHN PATRICK ADKINS,**

    *Plaintiff,*

v.                                                                          **NO. 6:18-cv-1958-Orl-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Before the Court is the Commissioner of Social Security's motion to remand for further administrative proceedings, Doc. 24, John Adkins's response in opposition, Doc. 25, and the Commissioner's reply, Doc. 28.

## Background

Adkins applied for benefits in 2007, alleging an onset date of May 2, 2007. Tr. 318–29, 343. The applications were denied initially and on reconsideration. Tr. 144–49, 151–54. He requested a hearing before an Administrative Law Judge ("ALJ"), who found him not disabled. Tr. 128–39. He appealed, and the Appeals Council remanded the case to the ALJ for three reasons: (1) the ALJ found moderate limitations in concentration, persistence, or pace but included no corresponding limitations in the residual functional capacity; (2) the ALJ gave opinions of state agency medical consultants great weight but did not explain why aspects of the opinions were rejected; and (3) the ALJ used medical-vocational rule 202.17 to find no disability, but evidence of the extent to which Adkins's mental limitations eroded the occupational base for light work was lacking. Tr. 140–43.

A new ALJ conducted a second hearing. Tr. 30–90. In April 2012, the ALJ

issued an unfavorable decision. Tr. 7–28. Adkins appealed, and the Appeals Council denied review. Tr. 1–6. He sued. *See Adkins v. Comm'r of Soc. Sec.*, No. 6:13-cv-1712-31DAB ("*Adkins I*"), Doc. 1. Without opposition, the Commissioner moved for remand. *Adkins I*, Doc. 15. In March 2014, the Court reversed the decision and remanded the action for further administrative proceedings. Tr. 867–72. The Court directed the Commissioner to take three actions: (1) instruct the ALJ to remove from the record medical information pertaining to individuals other than Adkins; (2) try to obtain certain medical records for Adkins; and (3) issue a new decision that does not reference medical records belonging to individuals other than Adkins. Tr. 867–72.

While Adkins's appeal of the second ALJ decision was pending, he filed new applications for benefits. Tr. 1012–31.[1] The applications were denied initially and on reconsideration. Tr. 908–13, 918–27. He requested a hearing before an ALJ. Tr. 942. While the request was pending, the Appeals Council remanded his original applications to an ALJ for further proceedings and ordered the ALJ to consolidate the applications. Tr. 906–07.

The ALJ who had conducted the second hearing conducted a third hearing. Tr. 677–725. In March 2016, the ALJ issued a partially favorable decision, finding Adkins disabled beginning May 27, 2015, but not before then. Tr. 643–76. Adkins sued again. *See Adkins v. Comm'r of Soc. Sec.*, No. 6:16-cv-754-Orl-31TBS ("*Adkins II*"), Doc. 1. In March 2017, a magistrate judge recommended reversal and remand because the evidence showed Adkins met Listing 12.05C. Tr. 1295–1307. The magistrate judge applied the version of Listing 12.05 in effect in March 2016 when the ALJ issued the partially favorable decision. Tr. 1299, 1303. In April 2017, a district judge adopted the recommendation and remanded the case for further administrative proceedings. Tr. 1311–12.

---

[1]This citation is to Adkins's second application for supplemental security income. The record does not include his second application for disability insurance benefits.

2

On remand, the Appeals Council affirmed the finding that Adkins had become disabled on May 27, 2015, and remanded the case for a new decision on disability before then. Tr. 1315–16. A new ALJ conducted a fourth hearing. Tr. 1232–58. In September 2018, the ALJ found Adkins not disabled from May 2, 2007, to May 27, 2015. Tr. 1193–1229. By the time of the decision, Listing 12.05 had been revised to eliminate Listing 12.05C, and the ALJ applied the revised listing. Tr. 1200–05.

Adkins sued a third time—the current action. Doc. 1. The Commissioner answered. Doc. 15. Adkins filed a brief, arguing the ALJ erred by applying revised Listing 12.05 and failing to state the weight given to the opinions of three medical providers. Doc. 21 at 15–23. He sought remand for an outright award of benefits or remand with an instruction to complete administrative proceedings in 120 days. Doc. 21 at 23–25.

The Commissioner filed the motion now before the Court. Doc. 24. The Commissioner seeks entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand to further evaluate the medical opinions highlighted in Adkins's brief, take any further action to complete the administrative record, and issue a new decision. Doc. 24 at 1.

## Arguments, Law, & Analysis

Adkins opposes only the Commissioner's request for further proceedings. He contends the case should be remanded for an outright award of benefits because he "meets all the requirements of Listing 12.05C" and delays have created an injustice. Doc. 25 at 2–5. He alternatively asks the Court to impose a 120-day limit on an agency decision. Doc. 25 at 2–5.

The Commissioner replies Adkins has not established disability beyond a doubt as required for an immediate award of benefits. Doc. 28 at 1–9. He observes Listing 12.05C was not in effect when the ALJ issued his September 2018 decision. Doc. 28 at 3. He argues the ALJ's application of revised Listing 12.05 was not

3

impermissibly retroactive and, in any event, Adkins cannot show he meets former Listing 12.05C. Doc. 25 at 4–9. He argues the Court may not remand for an award of benefits simply because an "injustice" exists; instead, a claimant must meet the statutory definition of disability to receive benefits. Doc. 28 at 1–3, 9–10. He adds that, regardless, no injustice exists here. Doc. 28 at 10–13. He also opposes any time limit on an agency decision, arguing courts are without authority to impose time limits on agency decisions. Doc. 28 at 13.

To be entitled to disability insurance benefits or supplemental security income, a claimant must be disabled. 42 U.S.C. § 423(a)(1); 42 U.S.C. § 1382.[2] A claimant is disabled if he cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Administration ("SSA") uses a five-step sequential process to decide if a person is disabled, asking (1) whether he is engaged in substantial gainful activity, (2) whether he has a severe impairment or combination of impairments, (3) whether the impairment or combination of impairments meets or equals the severity of anything in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App'x 1, (4) whether he can perform any of his past relevant work given his residual functional capacity, and (5) whether there are a significant number of jobs in the national economy he can perform given his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the SSA finds disability or no disability at a step, it will "not go on to the next step." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

---

[2]An individual may also be eligible for supplemental security income if he is "aged" or "blind." 42 U.S.C. § 1382(a). Adkins does not contend he is either.

For step three, the Listing of Impairments describes impairments considered severe enough to prevent gainful activity. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). From 2007 (when Adkins filed his original applications) until January 16, 2017, Listing 12.05C provided a claimant was presumptively disabled if he: (1) met the basic requirements of Listing 12.05 (significantly subaverage general intellectual functioning with deficits in adaptive functioning that manifested before age 22); and (2) established evidence of (a) a valid verbal, performance, or full scale IQ of 60 through 70; and (b) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. Part 404, Subpart P, App'x 1 § 12.05 (Sept. 20, 2000); *see also* 65 Fed. Reg. 50746, 50780 (Aug. 21, 2000).[3]

Revised listings for evaluating mental disorders took effect on January 17, 2017. *See* 81 Fed. Reg. 66138, 66138 (Sept. 26, 2016). They eliminated Listing 12.05C and its method for showing disability. *Id.* at 66167. In issuing the revisions, the SSA stated, "When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date." *Id.* at 66138. The SSA also stated, "We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand." *Id.* at 66138 n.1.

If a claimant is dissatisfied with the final agency decision on his application for benefits, he may sue in federal court. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g)). Under sentence four of 42 U.S.C. § 405(g), courts

---

[3] When Listing 12.05 was originally promulgated, it referred to "mental retardation." Such references were later changed to "intellectual disability," but the substance of the listing did not change. 78 Fed. Reg. 46499, 46501 (Aug. 1, 2013).

5

"have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." Remand is appropriate "where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). A court may reverse for an outright award of benefits if the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id.*

Here, an outright award of benefits is not warranted. Adkins has not shown the cumulative effect of the evidence clearly establishes disability beyond any doubt, whether under eliminated Listing 12.05C (for the reasons in the Commissioner's brief, Doc. 27 at 7–9) or under revised Listing 12.05 (Adkins does not contend otherwise).

Even if Adkins could show the cumulative effect of the evidence clearly establishes disability beyond any doubt under Listing 12.05C, that listing did not apply because the ALJ issued the decision after its elimination. *See* 81 Fed. Reg. 66138 n.1. In his response to the motion to remand, Adkins does not argue application of revised Listing 12.05C is impermissibly retroactive. But even considering the argument he earlier made in his brief supporting the complaint, the argument fails under the persuasive reasoning in *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 648–49 (6th Cir. 2006) (en banc), and *Rowden v. Comm'r of Soc. Sec.*, No. CIV-19-361-SM, 2020 WL 1172714, at *7 (W.D. Okla. Mar. 11, 2020) (unpublished).[4]

---

[4]In his brief, Adkins argues application of revised Listing 12.05 on remand was impermissibly retroactive and the ALJ should have applied Listing 12.05C because it was effective during the closed period at issue in the ALJ's September 2018 decision. Doc. 21 at 16–18.

An agency must have an express congressional grant of authority to issue rules with retroactive effect. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). In *Landgraf v. USI Film Products,* the Supreme Court concluded a law has retroactive effect where it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." 511 U.S. 244,

6

Adkins's argument that the Court should remand for an outright award of benefits because he has suffered an injustice, Doc. 25 at 3–5, fares no better. Citing *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), he contends, "The Eleventh Circuit also has held that the court may reverse a case for an award of benefits where the claimant has suffered an injustice." Doc. 25 at 3.

Adkins's reading of *Walden* is too broad. In *Walden*, the Eleventh Circuit held the ALJ erred by applying an improper legal standard, failing to address the claimant's testimony and other evidence of pain, failing to make credibility findings, failing to develop the record, and exhibiting "total disregard" of "unrefuted evidence" of disability. 672 F.2d at 837. The court emphasized the claimant's "unrefuted evidence established she was unable to perform her prior work," the "burden shifted to the [Commissioner] to show that [she] is capable of engaging in some substantial gainful activity," and the "[Commissioner] offered no evidence in support of his

---

280 (1994); *see Combs*, 459 F.3d at 645 (applying *Landgraf* to regulations). The Court explained "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance" as to whether a regulation has retroactive effects. *Landgraf*, 511 U.S. at 270.

Adkins correctly observes that the SSA has no express congressional grant to issue retroactive regulations. But he makes only a conclusory argument that eliminating Listing 12.05C substantively changed the law and fails to address whether eliminating the availability of Listing 12.05C post-remand had a retroactive effect under *Landgraf*, Doc. 21 at 16–17, thereby abandoning the issue. *See* Doc. 19 at 1 ("The Court will deem [abandoned] any issue that the plaintiff does not raise or fully brief (i.e. provide more than just a summary contention) unless the interests of justice require its consideration.").

In any event, the Court is persuaded that changing the listing used while an application is pending has no retroactive effect. In *Combs*, the Commissioner deleted a listing while the claimant's administrative claim was pending, arguably making it more difficult for the claimant to prove disability. *Id.* at 642, 644–45. The Sixth Circuit applied the *Landgraf* factors and found the mid-stream change had no retroactive effect because claimants do not become impaired in reliance on the availability of a listing, do not file their claims or decide what to put in them based on the procedures the agency uses to determine disability, have no settled expectation that the agency will use any particular algorithm for deciding whether the statutory requirements of disability are met, and do not need "fair notice" of a change in the listings. *Id.* at 646–47. The court also concluded that the listing change was procedural, not substantive, because the statutory definition of disability did not change. *Id.* at 647. This reasoning applies to Adkins's case.

burden." *Id.* at 840. The court concluded, "Due to the perfunctory manner of the hearing [15 minutes], the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision, this court is of the opinion the appellant has suffered an injustice." *Id.* The court ended the decision, "This case is hereby reversed and judgment rendered for the appellant." *Id.*

A decision's "binding power as precedent … comes not from what the opinion says or its words imply," but from what the court in that case decided "considering the facts then before the court." *New Port Largo, Inc. v. Monroe Cty.*, 985 F.2d 1488, 1500 (11th Cir. 1993) (Edmondson, J., concurring).

Contrary to Adkins's assertions, the Eleventh Circuit in *Walden* did not hold a court may reverse a case for an award of benefits whenever the claimant has suffered what the court considers an injustice. Having provided no authority for remand for an outright award of benefits, that relief is unwarranted.[5]

Even assuming authority for an award of benefits based on a finding of an injustice, no such finding is warranted here.[6] The errors have been many, and the time has been long. But Adkins appeals a partially favorable decision and is receiving

---

[5]Adkins also cites *Sisco v. U.S. Department of Health & Human Services*, 10 F.3d 739, 746 (10th Cir. 1993), for the proposition that the SSA "is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." Doc. 25 at 3.

The court in *Sisco* did not hold that courts can remand for an award of benefits whenever there has been an "injustice." Instead, the court found the claimant had "exceeded what a claimant can legitimately be expected to prove to collect benefits under the Act" and "[h]er case stands unchallenged" in remanding for an award of benefits. *Sisco*, 10 F.3d at 746. *Sisco* accords with Eleventh Circuit law that a court may remand for an award of benefits where the Commissioner has already considered the essential evidence and the cumulative effect of the evidence clearly establishes disability without any doubt.

[6]Some district courts have interpreted *Walden* to support remanding a case for an award of benefits if there is an injustice. *See, e.g., Weary v. Comm'r of Soc. Sec.*, 6:14-cv-1742-Orl-GJK, 2016 WL 1030800, at *7 (M.D. Fla. Mar. 15, 2016) (unpublished); *Quanstrom v. Comm'r of Soc. Sec.*, No. 6:15-cv-990-Orl-37GJK, 2016 WL 11469164, at *8 (M.D. Fla. June 23, 2016) (unpublished), *report and recommendation adopted*, 2016 WL 3769958.

8

benefits; and the Commissioner repeated no error, ignored no court instruction, and thrice acted affirmatively to correct errors rather than litigating without regard to merits. Doc. 2 at 1 (Adkins's statement he receives monthly benefits); Tr. 140–43 (Appeals Council remand); *Adkins I*, Doc. 15 (unopposed motion to remand); Doc. 24 (motion to remand).

The partially favorable decision, the absence of the same errors, and the absence of the failure to follow instructions on remand distinguish Adkins's case from the cases on which he relies. *See Goodrich v. Comm'r of Soc. Sec.*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at *13–14 (M.D. Fla. Feb. 7, 2012) (unpublished) (claimant never received partially favorable decision; ALJ ignored court instruction to determine claimant's limitations from specific condition and instead found claimant did not have the condition), *report and recommendation adopted*, 2012 WL 760874 (M.D. Fla. Mar. 8, 2012) (unpublished); *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-Orl-41GJK, 2019 WL 2210689, at *3 (M.D. Fla. Feb. 20, 2019) (unpublished) (claimant never received partially favorable decision; most recent remand was required because ALJ ignored direction of Appeals Council), *report and recommendation adopted*, 2019 WL 1745372 (M.D. Fla. Apr. 17, 2019) (unpublished); *Moran v. Comm'r of Soc. Sec.*, No. 6:15-cv-1065-Orl-40TBS, Doc. 22, at 9-10 (M.D. Fla. Feb. 22, 2016) (unpublished) (claimant never received partially favorable decision; on two occasions, Commissioner failed to follow district court remand instructions), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 187890 (M.D. Fla. May 31, 2016) (unpublished).

The Court declines to impose a time limit on an agency decision. The Commissioner observes the Eleventh Circuit has refused to impose a deadline for the Commissioner to conduct a hearing, reasoning Congress has expressly disapproved mandatory hearing deadlines and could not have contemplated that courts would have the authority to impose the deadlines it had rejected. *Nowells v. Heckler*, 749 F.2d 1570, 1571 (11th Cir. 1985). Some judges of this Court have concluded that

*Nowells* prohibits a court from imposing temporal limitations on the Commissioner. *See, e.g.*, *Wheelock v. Comm'r of Soc. Sec.*, No. 6:18-cv-894-Orl-LRH, 2019 WL 4479563, at *10 (M.D. Fla. Sept. 18, 2019) (unpublished). Adkins's conclusory briefing of this issue, Doc. 25 at 5, fails to explain why such decisions are incorrect.

Even assuming authority to impose a time limit on an agency decision, a time limit is unwarranted here because, as stated, Adkins obtained a partially favorable decision and is receiving benefits, Doc. 2 at 1. *See Schuster v. Comm'r of Soc. Sec.*, No. 6:13-cv-1336-Orl-18KRS, 2013 WL 6476556, at *1 (M.D. Fla. Dec. 9, 2013) (unpublished) (declining to impose time limit where claimant was receiving benefits but wished to challenge onset date of disability). Moreover, whether the equities in his case should take priority over others also waiting in line is impossible to know.

The Court:

(1) **grants** the Commissioner's opposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g), Doc. 24;

(2) **vacates** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g);

(3) **remands** the action and directs the Appeals Council to instruct the ALJ to:

  (a) further evaluate the November 2007 medical opinion by state agency medical consultant Dr. Shea Vlcek;

  (b) further evaluate the January 2014 medical opinion by state agency psychological consultant Dr. Jessy Sandovnik;

  (c) further evaluate the February 2016 medical opinion of Dr. Ronald Kendrick;

  (d) take any further action to complete the administrative record; and

  (e) issue a new decision; and

(4) **directs** the clerk to enter judgment for John Patrick Adkins and against the Commissioner of Social Security and to close the file.

**Ordered** in Jacksonville, Florida, on March 23, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

11