United States District Court
Middle District of Florida
Orlando Division

**JOHN PATRICK ADKINS,**

    *Plaintiff,*

v.                                                                           NO. 6:18-cv-1958-Orl-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Order

Earlier in the case, the Court reversed the denial of John Patrick Adkins's application for disability-insurance benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 29. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, $4467.43 in attorney's fees. Doc. 31. The Commissioner of Social Security has no opposition. Doc. 31 at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is

judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean,* 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi,* 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Adkins prevailed because the Court ordered a sentence-four remand. Doc. 29. Adkins's May 11, 2020, request, Doc. 31, was timely because he made it before the Court's March 23, 2020, judgment, Doc. 30, became final. Adkins represents that his net worth was less than $2 million when he filed this case, Doc. 31 at 2, and the Court accepts that representation. Adkins's motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 31 at 5–6, and the Commissioner has not attempted to satisfy his burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Adkins is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except … shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff,* 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler,*

3

765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988).

Adkins is represented by Richard Culbertson, Esquire, and Sarah Jacobs, Esquire, both with Culbertson Law Group, P.L.L.C. Neither lawyer provides an affidavit on experience or customary rate, but it is known in the legal community and reflected in their many appearances in social-security cases here they specialize in social-security work and have done so for many years. Records of The Florida Bar indicate Culbertson has been a member since 1991, and Jacobs since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Adkins submits a "Schedule of Hours" from Culbertson and Jacobs. Doc. 31 at 10–11. Culbertson spent 1.2 hours on the case between November 2018 and March 2020. Doc. 31 at 10. Jacobs spent 20.6 hours on the case between September 2018 and May 2020. Doc. 31 at 11. The schedule shows the tasks they performed and the time they took to perform them. Tasks included preparing the complaint, discussing the case with Adkins, and preparing the brief. Doc. 31 at 10–11. The administrative record is approximately 1479 pages. Doc. 17.

The amount requested ($4467.43) is based on the total hours spent by Culbertson and Jacobs on the case (21.8 hours) multiplied by $201.58 an hour in 2018 and $205.23 an hour in 2019 and 2020. Doc. 31 at 6. The rates are based on the $125 cap and a cost-of-living increase indexed from March 1996 to November 2018 (when Adkins filed the complaint) using the urban consumer price index. Doc. 31 at 6–8.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for similar services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

4

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Culbertson and Jacobs performed their work. The rates proposed are appropriate. *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited May 18, 2020).

On the reasonableness of the hours, none of the work appears clerical or secretarial, and none appears excludable as unnecessary. Doc. 31 at 10–11. The number of hours is reasonable.

Using the number of hours (21.8) and requested rates ($201.58 per hour in 2018 and $205.23 in 2019-2020), attorney's fees of $4467.43 are reasonable.

Because Adkins is eligible and the attorney's fees and costs are reasonable, the Court **grants** the motion, Doc. 31; **awards** him $4467.43 in attorney's fees; and **directs** the Clerk of Court to enter judgment for John Patrick Adkins and against the Commissioner of Social Security in the total amount of $4467.43 in attorney's fees.

The Court leaves to the Commissioner's discretion whether to accept Adkins's assignment of EAJA fees to Culbertson after determining if Adkins owes a federal debt.

**Ordered** in Jacksonville, Florida, on May 18, 2020.

*PATRICIA D. BARKSDALE*
*United States Magistrate Judge*

c:   Counsel of Record