United States District Court
Middle District of Florida
Jacksonville Division

**JOHN PATRICK ADKINS,**

 *Plaintiff,*

v.                 No. 6:18-cv-1958-PDB

**KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

___

# Order

One of John Adkins's lawyers, Richard A. Culbertson, petitions under 42 U.S.C. § 406(b) for $16,548.82 from past-due benefits. Doc. 34. The Acting Commissioner of Social Security has no opposition. Doc. 34 at 3.

## Background

Adkins applied for disability insurance benefits and supplemental security income. Tr. 318, 325. An Administrative Law Judge found him not disabled, Tr. 22, and the Appeals Council denied his request for review, Tr. 1.

Adkins brought this action to challenge the agency decision. Doc. 1. He and Culbertson entered into a contingent-fee agreement under which Culbertson agreed to represent him, and Adkins agreed to pay Culbertson 25 percent of any past-due benefits to him, minus any attorney's fees paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 34-1.

Culbertson filed a complaint, Doc. 1, and a 25-page brief arguing the ALJ erred by applying revised Listing 12.05 and failing to state the weight given to

the opinions of three medical providers, Doc. 21. The Commissioner moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand to further evaluate the medical opinions described in Adkins's brief, take any further action to complete the administrative record, and issue a new decision. Doc. 24. Adkins opposed the request for further proceedings, arguing the remand should be for an outright award of benefits or with an instruction to complete administrative proceedings in 120 days. Doc. 25. The Court granted the motion and remanded the action for further agency proceedings. Docs. 29, 30. The Court later granted Adkins's EAJA request for $4,467.43 in attorney's fees based on 21.8 hours of work. Docs. 32, 33.

On remand, the agency awarded Adkins $84,065 in past-due benefits and withheld 25 percent of the amount for attorney's fees. Doc. 34 at 2; Doc. 34-2. The agency issued a notice of award on August 8, 2021.[1] Doc. 28-3. The current petition followed. Doc. 34.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

---

[1] Under the Court's standing order, counsel must request fees "not later than thirty (30) days" after the agency sends a letter "to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *In re: Procedures for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, 6:12-mc-00124-ACC (Nov. 14, 2012). The agency sent the letter on August 8, 2021, and Culbertson filed the petition on August 26, 2021, Doc. 34, making the petition timely.

2

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant and may do so by deducting the EAJA fees from the § 406(b) fees. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

3

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Here, Culbertson arrives at his request for authorization to charge **$16,548.82** in § 406(b) fees as follows: **$21,016.25** (the amount of attorney's fees the SSA withheld [25 percent of past-due benefits]) minus **$4,467.43** (the previously awarded EAJA fees).

To satisfy his burden of establishing the requested fees are reasonable for the services rendered, Culbertson provides the following information. Culbertson limits his practice to representing persons with disabilities. Doc. 34 at 6. Culbertson and associate Sarah Jacobs spent at least 21.8 hours representing Adkins before this Court. Doc. 34 at 2. That time excludes time not billable under the EAJA and time spent representing Adkins during the administrative proceedings. Doc. 34 at 2–3. Culbertson and Adkins anticipated the past-due-benefit amount based on Adkins's earnings record and disability onset date, Adkins agreed to pay 25 percent of any past-due benefits, and the amount requested does not exceed 25 percent of past-due benefits. Doc. 34 at 1, 3–4, 6. There is no allegation of subpar representation or delay. Doc. 34 at

4

6. Culbertson has deducted the EAJA fees. Doc. 34 at 4. Culbertson contends that, as a result of Culbertson's work (Culbertson presumably means Jacobs's work, considering that Jacobs spent 20.6 hours representing Adkins and drafted the brief, while Culbertson spent only 1.2 hours representing Adkins and merely worked on a routine pleading and summons and reviewed routine papers, *see* Doc. 31 at 10, 11), Adkins receives ongoing social-security-disability benefits and Medicare and received a "substantial sum" of retroactive benefits. Doc. 34 at 6.

For the reasons provided and the Court's own knowledge of Jacobs's expertise in social-security law, the requested fees are reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award and that Adkins's success may be attributed to Jacobs's skills and experience, it is appropriate for the firm to "reap the benefit of [the] work." *See Jeter*, 622 F.3d at 381 (quoted).

## Conclusion

The Court:

1. **grants** the petition, Doc. 34; and

2. **authorizes** Culbertson to charge Adkins $16,548.82 from past-due benefits for his and Jacobs's successful representation of him.

**Ordered** in Jacksonville, Florida, on August 30, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5